GIDEON SCULL and NEWCOMB B. THOMPSON v. THOMAS REEVES and others.

If a deed made by a debtor for the benefit of his creditors, has once taken effect, the cancellation or destruction of the deed, either fraudulent or accidental, cannot affect the rights of the parties; nor has the grantor power to revoke it.

The fact that one of the assignees renounced in writing, and that the other one relinquished the trust by giving up the deed of assignment, presents no serious obstacle to the execution of the trust. It is in the hands of the court, to be executed under its direction, according to the law and the intention of the parties, and the court will see that it is properly done.

That the grantor was under some misapprehension as to the mode and time of making sale of his property, and that he was ignorant of some of the

[Scull and Thompson v. Reeves et al.]

requirements of the statute and the duties of the assignees, will not operate to set aside the deed.

The trust will be caried into effect, although a compliance with all the directions of the statute, in regard to the proceedings of the assignee, as to matters rather of form than substance, is impracticable.

THIS cause was heard before the chancellor at April term, 1834, upon a motion to dissolve the injunction, on the answers of the defendants. The motion to dissolve the injunction was denied, and receivers were appointed. Testimony was taken by both parties, and the grantor and grantees in the deed of assignment, three of the defendants, were examined on the part of the complainants, under an order of the court obtained for that purpose. The main facts elicited by the evidence are adverted to in the opinion of the chancellor.

The cause came on for hearing at July term, 1834, upon the bill, answer, replication and proofs.

*Wall,* for complainants.

*Jeffers,* for defendants.

Cases cited by complainants' counsel. 4 *Com. Dig.* 157, *A.* 3, *"Delivery"* 7 ; 12 *John. R.* 552 ; 1 *Shep. Touch.* 58 ; *Shelton's* case, *Cro. Eliz.* 7 ; 4 *Dane's Ab.* 91, sec. 13, 14 ; 12 *John. R.* 548 ; 1 *Bin.* 518, 519 ; 13 *Serg. and R.* 524.

THE CHANCELLOR. The object of the bill in this cause was to establish an assignment made by Thomas Reeves, to Daniel B. Reeves and George W. Garrison, in trust for the benefit of his creditors, under the statute, on the eighteenth of February, 1834 ; which trust was afterwards renounced by one of the assignees, and the deed given up to be cancelled by the other one, on the twentieth of the same month. The complainants, who are general creditors, sought also to injoin a number of judgment creditors, who had obtained judgment and execution after the assignment made and surrendered ; and they alleged that the

[Scull and Thompson v. Reeves et al.]

surrender and cancellation of the assignment was procured from Reeves by promises of the judgment creditors, that they would give him time of payment. On the coming in of the answers a motion was made to dissolve the injunction that had been granted on filing the bill; and after argument, the motion was denied, because, in the first place, the equity of the bill had not been fully answered; and also, because the court was inclined strongly to the opinion, from the answers themselves, that the deed of assignment had been duly executed and delivered; and that the trust having vested, the deed ought to be established for the benefit of all the creditors, whether it should turn out upon the evidence to have been delivered up by collusion or otherwise. The views of the court were fully expressed in the opinion pronounced at the last term,* and it is unnecessary to repeat them.

The cause came on to be heard on the merits, at the July term; and from the testimony of Thomas Reeves, the assignor, and Daniel B. Reeves and George W. Garrison, the persons appointed to act as assignees, there remains no doubt that the deed of assignment was duly executed and delivered, and that the assignees accepted the trust. It is also clear, that the deed was not delivered up until the twentieth of February. Up to that time it was a valid, operative instrument. Every thing necessary to give it effect on the part of the grantor, had been done, and the property was vested in the assignees for the purposes of the trust. There is great reason to believe, that the views of the assignor were changed by the representations and inducements made and held out by some of the creditors, to whom judgments were afterwards confessed. It was promised that a year's delay should be given. The execution of Moore, which was previously in the sheriff's hands, was to be arranged, and he was induced to believe that such course would be the best one for himself and all his creditors.

I do not think it necessary to inquire how far the conduct of those creditors who were instrumental in causing the deed to be given up and cancelled, with the view of preventing or destroying

* See ante, page 85.

the effect of the trust, is fraudulent or otherwise. For if the deed took effect, as I am satisfied it did, it is not material to the creditors now seeking relief, whether the cancellation was fraudulent or accidental. The cancellation or destruction of the deed could not affect the rights of the parties. Nor had the grantor power to revoke it. He had given to his creditors a right, of which no power of his could divest them. It is not considered necessary to fortify so plain a principle by legal authorities. It is familiar and undoubted. The fact that one of the assignees renounced in writing, and that the other one relinquished the trust by giving up the deed of assignment, presents no serious obstacle to the execution of the trust. It was fully shown in the former opinion delivered in this case, that where the trust had once been created, it should not fail for want of trustees. It is in the hands of the court, to be executed under its direction, according to the law and the intention of the parties, and the court will see that it is properly done.

The principal ground of defence urged at the hearing, was, that Reeves, the grantor, was not acquainted with the nature and effect of the instrument; and that he executed it under a mistaken idea of its operation. There is some evidence which favors this position, but not sufficient to destroy the validity of a solemn deed. The whole evidence goes to show that his object was to distribute his property among his creditors, and he thought there was enough to pay all. He made out a schedule of his effects, and a list of his creditors; and he expected to give up, and did give up all, into the hands of his assignees. It is probable he was under some misapprehension, as to the precise mode and time, of making sale of his property. He might have been ignorant of some of the requirements of the statute, and the duties of the assignees; but this would not operate to set aside the deed. I think, however, it is pretty evident, that these misapprehensions would have interposed no difficulty, had it not been for the promises of delay and forbearance held out by some of the creditors. After that, the difficulties appeared to thicken in the mind of the grantor; new views of the subject were presented

[Scull and Thompson v. Reeves et al.]

and pressed; and, becoming a willing convert to the idea that it was better for him to manage his own concerns, he resolved it was best to pursue the course which would lead to that result; and, accordingly, he assented to the surrendering of the deed of trust, and afterwards destroyed it.

There being no well founded objection to the instrument, it remains, as to its legal results, notwithstanding its destruction. It would be a reproach to justice, to suppose a want of power in this court to secure the rights of the *cestui que trusts*, and carry into effect the original intentions of the grantor.

Difficulties were suggested about a compliance with the statute in regard to advertisements and other proceedings, the time having passed. Many of these provisions are merely directory, and the rights of parties are not made to depend on a literal compliance. Such has been the course of decision by the supreme court, in cases of attachments commenced in the common pleas, and removed to the supreme court by certiorari. They have found no difficulty in carrying out the intention of the statute, although it was impossible to comply with all its requisitions as to matters rather of form than substance.

I shall accordingly decree in this case, that the trust be established, for the benefit of all the creditors, according to the provisions of the law on the subject of assignments, and to operate and take effect from the date of the deed; that the said Thomas Reeves be required to execute a deed in the usual form in such cases, to such trustees as the court shall direct or approve, and to annex to the same a schedule of his property as it was before it went into the hands of the receivers, and a list of his creditors with the amount due to them respectively; that these be filed, and that the assignees proceed to execute the duties of their appointment as the statute requires.

The receivers will account to them under the direction of the court, for the property they have received.

Decree accordingly.